## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTER DISTRICT OF LOUISIANA

| | |
|---|---|
| TESLA, INC., *ET AL* | CIVIL ACTION NO.: 2:22-cv-02982 |
| *Plaintiffs*, | JUDGE:  SARAH S. VANCE |
| v. | MAGISTRATE JUDGE:  DONNA PHILLIPS CURRAULT |
| LOUISIANA AUTOMOBILE DEALERS ASSOCIATION, *ET AL* , | |
| *Defendants* | |

## LOUISIANA'S ORIGINAL PETITION OF INTERVENTION AS A DEFENDANT

The State of Louisiana, Defendant-Intervenor, appearing through the Jeff Landry, as Louisiana Attorney General, respectfully sets forth the factual and legal basis of its right to intervene herein as Defendant, as follows:

### BACKGROUND

1.      Louisiana has, to the benefit of its citizens, chosen to regulate the distribution and service of automobiles and vehicles in accordance with and in the furtherance of the articulated state interest set out in the state regulatory scheme attacked by this litigation.

2.      In that regard, the Louisiana Legislature has seen fit to interpose a dealer between vehicle manufacturers/distributors and consumers under its announced state policies intended to protect the state's consumers from pernicious practices in motor vehicle transactions per La. R.S. 32:1251.

3.      The Louisiana Motor Vehicle Commission (Commission) was established to regulate the Motor Vehicle Franchise Act by making and enforcing reasonable rules and regulations to accomplish the purpose of the Act.  La. R.S. 32:1253(E).

4.      The Commission is granted the power to compel the production of records and papers and to subpoena documents necessary to perform its duties by La. R.S. 32:1258.

5.      The Commission issued three subpoenas seeking information from the Tesla Plaintiffs.  The subpoenas were contested in the 24th Judicial District, Parish of Jefferson, and the district court upheld the subpoenas as a valid exercise of the Commission's authority.

6.      The Tesla Plaintiffs in this suit have challenged essential provisions of the Louisiana Motor Vehicle Franchise Act (the "Act") on a number of grounds including antitrust, Commerce Clause violations, due process and equal protection violations generally alleging that the dealership structure for motor vehicle distribution, sales, service and warranty impermissibly favors members of the Motor Vehicle Commission as the principal regulators of the public interest in promoting the goals and objectives of the Motor Vehicle Franchise Act.

7.      Named as defendants in both their official and their individual capacities are all 18 members of the Louisiana Motor Vehicle Commission. Also sued are the dealerships owned and/or operated by the Commission members.  Complaint, §§ 44, 47-95.  Named with the Commissioners and their related dealerships are the

three Commissions members who hear disputes among manufacturers, distributors, manufacturers, distributors, converters, motor vehicle lessor franchisors, or representatives and motor vehicle dealers, recreational products dealers, specialty vehicle dealers, motor vehicle lessors as well as consumer warranty complaints relating to recreational vehicles. Complaint, ¶¶ 96-98. Finally, the Louisiana Automobile Dealers Association is named as an alleged antitrust conspirator with select Commission members.[1] Complaint, ¶ 24.

8.    Conspicuously unnamed is the Commission, itself, thus leaving the case without a "State or any agency, officer, or employee thereof" as a party to the litigation within the meaning of 28 U.S.C. § 2403.

9.    The claims against the Commission members are grounded in their private and official conduct and actions that, the Tesla Plaintiffs allege, unlawfully interfered with Tesla's preferred business model in the distribution, sale, warranty and repair of vehicles.

10.    Tesla alleges that the conduct and actions of the members was improperly influenced by their self-interest, which ultimately led them to conspire against the Tesla Plaintiffs, both among the members and with the Louisiana

---

[1] Named as defendants are Louisiana Automobile Dealers Association, Allen O. Krake, V. Price LeBlanc, Jr., Eric R. Lane, Kenneth "Mike" Smith, Keith P. Hightower, Keith M. Marcotte, Wesley Randal Scoggin, Donna S. Corley, Terryl J. Fontenot, Maurice C. Guidry, in their official capacity as Commissioners of the Louisiana Motor Vehicle Commission and in their personal capacity; Gregory Lala, Scott A Courville, Raney J. Redmond, Joseph W. "Bill" Westbrook, Stephen Guidry, Joyce Collier LaCour, Thomas E. Bromfield, and Edwin T. Murray solely in their official capacities as Commissioners of the Louisiana Motor Vehicle Commission; and the following dealerships: Ford of Slidell, LLC, LeBlanc Automobiles, Inc., Gerry Lane Enterprises, Inc., P.K. Smith Motors, Inc., Holmes Motors, LLC., Morgan Pontiac, Inc., Airline Car Rental, Inc., Shetler-Corley Motors, Limited, T&J Ford, Inc., and Golden Motors, LLC.

Automobile Dealers Association, a private trade association that provides products and services to its motor vehicle and heavy truck member dealers.

11.     The Tesla Plaintiffs also advance a theory that Louisiana's statutory structure is inherently flawed and rendered unconstitutional by fostering a dealership system that deprives those who desire to engage in the motor vehicle business in the State of due process and denies them equal protection of the laws, restrains trade and interferes with interstate commerce.

12.     Accordingly, Tesla Plaintiffs allege, that the offending portions of the Motor Vehicle Franchise Act should be declared unconstitutional and state officials barred from its enforcement.

<u>STANDARD FOR INTERVENTION</u>

13.     Rule 24(a)(1) of the Federal Rules of Civil Procedure gives an intervention of right to any party who "is given an unconditional right to intervene by a federal statute."

14.     28 U.S.C. § 2403(a) gives Louisiana an unconditional right to intervene in this case because the constitutionality of essential provisions of the Louisiana Motor Vehicle Franchise Act, La. R.S. 32:1251, *et seq*. are drawn into question by the Complaint, and the State, any agency, officer or employee thereof is not a party.

15.     Rule 24(a)(2) grants an intervention of right to a party who claims an interest relating to the transaction of the action and is so situated that disposing of the action will as a practical matter impede the party's ability to protect its sovereign interest in the referenced statutes.

16.     Permissive intervention may be granted in the Court's discretion under Rule 24(b)(1)(B) where a party has a claim or defense that shares with the main action a common question of law and fact.

17.     Rule 24 is to be liberally construed in favor of intervention. *Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014); *accord Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016). "The inquiry is a flexible one, and a practical analysis of the facts and circumstances of each case is appropriate." *Brumfield*, 749 F.3d at 341 (internal quotation marks omitted). "Intervention should generally be allowed where no one would be hurt and greater justice could be attained." *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005).

## LOUISIANA'S INTEREST AND STANDING

18.     Louisiana has an interest in opposing the Tesla Plaintiffs challenge to the constitutionality and validity of its Motor Vehicle Franchise Act (the "Act"), La. R.S. 32:1251, *et seq*.

19.     The Tesla Plaintiffs challenge essential provisions of the Act on a number of grounds including antitrust, Commerce Clause violations, due process and equal protection violations generally alleging that the dealership structure for motor vehicle distribution, sales, service and warranty impermissibly favors members of the Motor Vehicle Commission as the principal regulators of the public interest in promoting the goals and objectives of the Motor Vehicle Franchise Act.

20.     The Tesla Plaintiffs also advance a theory that Louisiana's statutory structure is inherently flawed and unconstitutional by fostering a dealership system that deprives those who desire to engage in the motor vehicle business in the State of due process and denies them equal protection of the laws, restrains trade and interferes with interstate commerce.  Accordingly, Tesla Plaintiffs allege that the offending portions of the Motor Vehicle Franchise Act should be declared unconstitutional and state officials barred from its enforcement.

21.     In any action wherein the constitutionality of any statute of the State affecting the public interest is drawn into question, the Attorney General must be notified and the State permitted to intervene when the State or any agency, officer or employee thereof is a party.  28 USC § 2403(b).

22.     In La. R.S. 32:1251, Louisiana's Legislature clearly articulated a public interest in establishing regulations in motor vehicle sales, repairs and warranties to prevent harm to its citizens through practices that the Legislature to be pernicious.

23.     In the exercise of its police power, the State adopted the Louisiana Motor Vehicle Franchise Act to prevent a set of evils found to exist in the motor vehicle industry.  These measures were intended not only to protect individual citizens but to protect the industry as a whole from destructive practices that adversely impact the relation between the industry and consumers.  The State's intervention is necessary here as a matter of right to defend the State's auto sales plan as the State clearly has a legitimate interest in the continued enforceability of its own statutes. *See Maine v. Taylor*, 477 U.S. 131 (1986).

24.     Louisiana has an interest in this case because its sovereignty would be irreparably harmed and its statutory regulatory scheme for motor vehicle sales, service, repairs and warranties would be upended if its statute were declared unconstitutional and unenforceable.  "Federal nullification of a state statute is a grave matter . . ."*Maine v. Taylor*, 477 U.S. 131, 135 (1986).

THE STATE'S INTEREST WOULD NOT BE ADEQUATELY PROTECTED

25.     Defendant-Intervenor's interest is unlikely to be adequately represented by the named defendants in light of the nature of the Complaint and claims presented.  The claims against the defendants in the Complaint arise out of their particular alleged conduct and actions.  Those defendants do not have as their principal interest the defense of the statutes themselves, which are more likely to be defended by the State.

26.     Defendant-Intervenor will add the special perspective of the State as a sovereign with a vital interest in the statewide policies articulated in La. R.S. 32:1251.  No other party occupies a position equivalent to the State itself in expressing the concerns of its citizens and the protections that the Louisiana Motor Vehicle Franchise Act (the "Act") affords.  The State is in a position to explain the legislative history of the Act as the law has evolved over the years.

WHEREFORE, the State of Louisiana respectfully prays:

I.      The Court enter an appearance for the State of Louisiana in this matter;

II.   Reject the plea of unconstitutionality and invalidity of any and all provisions of the Louisiana Motor Vehicle Franchise Act, La. R.S. 32:1251, *et seq.*

III.   Award any further relief that the Court may deem proper in law or equity.

Respectfully Submitted,

JEFF LANDRY
LOUISIANA ATTORNEY GENERAL

*/s/ Carey T. Jones*
Angelique Duhon Freel (LSBA No. 28561)
Carey T. Jones (LSBA No. 07474)
David Jeddie Smith, Jr. (LSBA No. 27089)
Alicia  Edmond Wheeler (LSBA No. 28803)
Lauryn A Sudduth (LSBA No. 37945)
1885 N. Third St.
Baton Rouge, LA 70804
(225) 326-6000 phone
(225) 326-6098 fax
freela@ag.louisiana.gov
jonescar@ag.louisiana.gov
smithda@ag.louisiana.gov
wheelera@ag.louisiana.gov
sudduthl@ag.louisiana.gov

*Counsel for the State of Louisiana*

8

## **CERTIFICATE OF SERVICE**

I do hereby certify that, on this 18th day of October 2022, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which gives notice of filing to all counsel of record.

*/s/ Carey T. Jones*
CAREY T. JONES