UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TESLA, INC., TESLA LEASE TRUST, AND TESLA FINANCE, LLC | CIVIL ACTION NO.: 22-cv-02982 |
| Plaintiffs, | |
| | JUDGE SARAH S. VANCE |
| VERSUS | |
| LOUISIANA AUTOMOBILE DEALERS ASSOCIATION, et al., | MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT |
| Defendants. | |

**DEFENDANTS ALLEN KRAKE AND FORD OF SLIDELL, LLC'S OPPOSITION TO PLAINTIFFS' THIRD (SECOND FORMAL) REQUEST TO CONTINUE SUBMISSION DATE OF PENDING RULE 12(B)(6) MOTION TO DISMISS**

Defendants Ford of Slidell, LLC and Allen Krake respectfully ask this Court to leave the February 8, 2023 submission date for their pending Rule 12(b)(6) motion to dismiss in place.

This procedural saga began months ago, on November 30, 2022, when counsel for the Tesla entities asked all defense counsel to allow them six weeks to amend their complaint (with no other details) and to ask the Court to put off any Rule 12(b)(6) ruling for at least six months (or nearly nine months after suit was filed). Since then, the Tesla entities have sought court intervention twice because *one* of the twenty-nine defendants (the Louisiana Automobile Dealers Association) needed more time for one reason or another particular to that defendant. But every defendant is different. Yet the Tesla entities, who must—as a matter of substantive and procedural federal law—distinguish between them, refuse to do so solely for their convenience and at everyone else's expense. Tesla is a multi-*billion*-dollar corporation suing local small business owners privately paying to defend themselves against Tesla's baseless accusations.

Krake and Ford of Slidell filed their motion to dismiss on November 10, 2022. By the time the Tesla entities will have to respond, their legal team will have had nearly 100 days to draft that response. And because both the original and amended complaints suffered from the fundamental flaw of group pleading and collective allegations, the Tesla entities should, at the very least, respond separately to motions urged by different defendants. The Tesla entities suffer no prejudice by staggering their responses, which would also be more convenient for this Court as it considers the allegations against each defendant on their own terms.

Since the Tesla entities' first amended complaint was formally docketed just nine days ago, Krake and Ford of Slidell have filed a "re-urged" motion to dismiss presenting exactly the same arguments as its earlier filed motion.[1] Krake and Ford of Slidell actually made their motion and supporting memorandum slightly shorter by removing unnecessary words and phrases throughout.[2] For the Tesla entities' convenience—and to avoid any supposed need for them to "carefully read and analyze"[3] the re-urged motion for hidden clues that aren't there—Krake and Ford of Slidell have attached a redlined version of their motion to this opposition.

This Court said there would be no further continuances of the February 8 submission date without "good cause."[4] The Tesla entities' wanting to file an omnibus response so that it can continue to call all twenty-nine defendants a "Cartel," instead of engaging thoughtfully with the issues presented in *different* defendants' *different* motions is simply not good cause.

---

[1]   R. Doc. 156.

[2]   R. Doc. 156-1.

[3]   R. Doc. 152-1 at 4.

[4]   R. Doc. 146 at 2.

Krake and Ford of Slidell ask that the Court maintain its existing February 8 submission date for Krake and Ford of Slidell's motion to dismiss so that the parties and the Court can narrow the scope of this case to the real issues actually in dispute.

Respectfully submitted,

  /s/ Chloé M. Chetta
Richard E. Sarver, 23558
Chloé M. Chetta, 37070
Robert A. Waldrup, 37345
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2350
New Orleans, Louisiana  70112
Telephone:  (504) 589-9700
Facsimile:   (504) 589-9701
rsarver@barrassousdin.com
cchetta@barrassousdin.com
rwaldrup@barrassousdin.com

*Attorneys for Defendants Ford of Slidell, LLC and Allen Krake, in his private capacity*
