UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TESLA, INC., ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 22-2982 |
| LOUISIANA AUTOMOBILE DEALERS ASSOCIATION, ET AL. | * | SECTION "O" (2) |

**ORDER AND REASONS**

Before me are two matters referred by Judge Brandon Long on February 19, 2025: (1) Defendants' Motion to Stay Discovery and (2) Plaintiffs' Motion for Order Declaring Discovery Open or Alternatively, For Leave to Serve Non-Party Discovery.[1] The parties filed Opposition and Reply Memoranda,[2] incorporated by reference memoranda filed in connection with Plaintiffs' Motion for Rule 16 Conference,[3] and filed supplemental memoranda denoted as Notices related to the pending matters.[4] At Plaintiffs' request, the Court heard oral argument on Wednesday, March 5, 2025, after which the matter was taken under submission.[5]

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiffs' motion is GRANTED IN PART AND DENIED IN PART and Defendants' motion is GRANTED as stated herein, all for the reasons set forth herein.

## I.     BACKGROUND

Plaintiffs Tesla, Inc., Tesla Lease Trust and Tesla Finance, LLC (collectively, "Tesla") filed this Complaint against twenty-nine defendants challenging Louisiana's system of automobile distribution, alleging that Louisiana has adopted direct sales bans, lease prohibitions, and warranty

---

[1] ECF Nos. 205, 291.
[2] ECF Nos. 223, 224, 269, 294, 295, 296, 297, 298, 299, 300, 303.
[3] ECF Nos. 202, 218, 220, 222.
[4] ECF Nos. 254, 290.
[5] ECF Nos. 301, 302, 304.

and repair service prohibitions that violate federal antitrust law, 42 U.S.C. § 1983 (due process, equal protection and commerce clauses), state antitrust law, and Louisiana's Unfair Trade Practices Act.[6]  The State of Louisiana intervened to oppose Tesla's challenge.[7]  In response to Defendants' motions to dismiss,[8] Tesla filed a First Amended Complaint asserting, among other things, federal antitrust claims against all defendants, including the commissioners in both their individual and official capacities, as well as constitutional due process, equal protection and commerce clause claims.[9]

Defendants filed new motions to dismiss in response to the First Amended Complaint.[10] On June 16, 2023, Judge Sarah Vance granted the motions and dismissed Tesla's claims, without leave to amend.[11]  On appeal, the Fifth Circuit affirmed dismissal of the equal protection claim, reversed dismissal of the due process claim, and vacated dismissal of the antitrust claim given that the due process ruling fundamentally altered the grounds on which Tesla's alleged antitrust injury was based.[12]  The Fifth Circuit denied panel and en banc rehearing and issued its judgment as mandate on October 7, 2024.

Tesla filed a Motion to Set Rule 16 Scheduling Conference and Defendants filed a Motion to Stay Discovery.[13]  In lieu of an answer as to the claims remanded by the Fifth Circuit (i.e., due process and antitrust), most Defendants filed motions to dismiss antitrust claims,[14] and three of the

---

[6] ECF No. 1 ¶¶ 8-11, 203-304.
[7] ECF No. 91.
[8] ECF Nos. 101, 103, 105, 106, 114, 117, 119.
[9] ECF No. 151.
[10] ECF Nos. 156, 159, 164, 167, 169, 170, 171.
[11] ECF No. 182.
[12] ECF Nos. 196, 196-1 at 19.
[13] ECF Nos. 202, 205.
[14] ECF Nos. 225 (filed by Wesley Randal Scoggin, in his private capacity, and Airline Car Rental, Inc.), 226 (filed by T & J Ford, Inc., Golden Motors, LLC, LeBlanc Automobiles, L.C., Holmes Motors, LLC, Morgan Buick GMC Shreveport, Inc., Shetler-Corley Motors, Limited, and V. Price Leblanc, Jr., Keith P. Hightower, Keith M. Marcotte, Donna S. Corley, Terryl J. Fontenot, and Maurice C. Guidry, in their private capacities), 227 (filed by Gregory Lala and Stephen L. Guidry, Jr., in their private capacities), 228 (filed by the Louisiana Automobile Dealers Association, Inc., in itself and on behalf of its members, Executive Committee, and Board of Directors), 231 (filed by Eric R. Lane,

Louisiana Motor Vehicle Commission member defendants (Joyce Collier LaCour, Thomas E. Brumfield and Edwin T. Murray) moved to dismiss the due process claim against them.[15]  In addition, several defendants raised qualified immunity defenses in the motions to dismiss.[16]  On February 24, 2025, Defendants filed a writ of certiorari with the Supreme Court on the Fifth Circuit's reversal of Judge Vance's decision on the due process claim.

### A.  Defendants' Motion to Stay Discovery

Defendants argue that a discovery stay is proper until after the Supreme Court rules on their writ of certiorari with regard to the due process claim and until after Judge Long rules on their new motions to dismiss the remanded antitrust claims, which raise only legal issues for which no discovery is necessary.[17]  Defendants ask the Court to exercise its discretion to stay discovery because favorable decisions on either the writ or pending motions would resolve the claims without the necessity of time-consuming and expensive antitrust discovery.[18]  Defendants argue that a stay of discovery does not impose undue hardship on anyone, Tesla seeks discovery on the substantive claims rather than discovery related to the pending motions to dismiss, such unnecessary discovery will simply increase the cost of litigation and not further judicial efficiency or the ends of justice, and the Court's exercise of discretion to stay discovery pending resolution of the legal issues raised by the motions to dismiss is proper.[19]

---

in his individual capacity, and Gerry Lane Enterprises, Inc.), 232 (filed by Allen O. Krake, V. Price LeBlanc Jr., Eric R. Lane, Kenneth "Mike" Smith, Keith P. Hightower, Donna S. Corley, Terryl J. Fontenot, Maurice C. Guidry, Keith M. Marcotte, Gregory Lala, Stephen L. Guidry Jr., Wesley Randall Scoggin, Joesph W. "Bill" Westbrook, Scott A. Courville and Raney J. Redmond, in their official capacities), 233 (filed by Ford of Slidell, LLC and Allen Krake, in his private capacity), 235 (filed by Kenneth "Mike" Smith, in his private capacity, and P.K. Smith Motors, Inc.).

[15] ECF No. 230.  The other Commissioners sought dismissal of only the antitrust claim.  *See* ECF Nos. 225, 226, 227 228, 231, 232, 233, 235.

[16] *See* ECF Nos. 231-1 at 17 (raising qualified immunity issue on motion to dismiss as to Lane); 233-2 at 19-21 (same as to Krake); 235-1 at 21-23 (same as to Smith); *see also* ECF Nos. 225-1 at 8 n.3 (as to Scoggin by reference); 226-1 at 1 n.1 (as to V. Price Leblanc, Jr., Keith P. Hightower, Keith M. Marcotte, Donna S. Corley, Terryl J. Fontenot, and Maurice C. Guidry by reference).

[17] ECF No. 205.

[18] *Id.* ¶¶ 10-11.

[19] ECF No. 205-1 at 3-6.

In Opposition, Tesla argues that the Fifth Circuit has ruled that it properly pleaded a due process claim and discovery on that recognized claim is proper.[20] Tesla further argues that the pending writ of certiorari does not justify a stay, particularly where Defendants do not even address, much less satisfy, the governing standard to obtain a stay pending Supreme Court review.[21] Tesla also argues that Defendants are not entitled to file new motions to dismiss, and even if they were, a motion to dismiss does not automatically stay discovery.[22] Tesla contends that Defendants have not established good cause necessary to justify a protective order staying discovery, and even if they had, their reasons for a stay are outweighed by the prejudice it suffers as a result of a stay and the Commission's continued unfair decisions.[23]

In Reply, Defendants argue the Court has wide discretion to stay discovery, the Fifth Circuit placed no limitations on proceedings after remand with regard to the antitrust claim, and Tesla will not be prejudiced by a stay as it continues its leasing and warranty activities.[24]

### B. **Tesla's Motion for Discovery**

Tesla argues that continued delay of discovery creates substantial risk that important evidence will be lost, particularly evidence held by non-parties who may not even be aware of the litigation or the need to preserve evidence.[25] Tesla argues that, although Defendants have been legally obligated to preserve evidence, it has received no assurances from Defendants that they are complying with their preservation obligations.[26] As to non-parties, Tesla argues prejudice from potential loss of evidence because wireless carriers delete information after five years and the Commissioners' first subpoena to Tesla was issued in August 2020, thereby triggering the 5-year

---

[20] ECF No. 223 at 1-2.
[21] *Id.* at 1, 3-4 (quoting *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (per curiam)).
[22] *Id.* at 2, 4-5.
[23] *Id.* at 2, 5, 7.
[24] ECF No. 224.
[25] ECF No. 291.
[26] ECF No. 291-1 at 1.

deletion risk of cell phone and text records, which Tesla contends may reflect improper *ex parte* communications and anti-Tesla bias.[27]  Tesla also asserts that it continues to suffer injury from unconstitutional conduct, with respect to its service operations and denial of lessor licenses.[28] Tesla asserts that Rule 26(f) requires the parties to confer about discovery as soon as practicable and neither the motions to dismiss nor pending writ of certiorari justifies the continued refusal to comply with Rule 26(f).[29]

In Opposition, the Defendant Commissioners argue that they seek a stay not only based on the pending writ of certiorari but also because their motions to dismiss the antitrust claims raise purely legal issues that need no discovery.[30]  The Louisiana Automobile Dealers Association, Inc. incorporates its arguments in connection with the Motion to Stay Discovery.[31]  Defendants Gregory Lala and Stephen L. Guidry, Jr. argue that discovery is premature because Tesla did not oppose their unique basis for dismissal of the antitrust claims against them in their private capacities (i.e., they are not competitors) and there is no factual support for the spoliation concern.[32]  Other Defendants similarly argue that discovery is premature due to the pending writ of certiorari and motions to dismiss which require no discovery, that Tesla has not established any risk of loss of evidence because the parties have their cell phone records and thus the spoliation concerns are unsupported, and Tesla has no ongoing constitutional injury.[33]  The individual Defendants also argue that any discovery (including third-party subpoenas) is improper until after the court addresses the immunity defenses raised in their motions to dismiss.[34]

---

[27] *Id*. at 2.
[28] *Id.* at 2-3.
[29] *Id.* at 4.
[30] ECF No. 297.
[31] ECF No. 298.
[32] ECF No. 299 at 3-5.
[33] ECF Nos. 294, 295, 296, 300.
[34] ECF Nos. 295 at 3; 296 at 4-5; 300 at 3-4.

In Reply, Tesla reiterates many of its prior arguments, asserting that Defendants failed to justify the refusal to engage in the Rule 26(f) conference, they have not established that a stay is proper due to the pending writ of certiorari, it is not likely that Defendants have maintained detailed call and text records themselves, and Defendants lack standing to object on the basis of burden to non-party discovery.[35]  In addition, Tesla argues that an immunity defense only stays discovery as to the immunity-asserting defendants, not a broad stay of discovery as to all parties on all  claims.[36]

## II.  APPLICABLE LAW

### A.  Rule 26(f) Imposes a Joint Responsibility on Parties to Confer

A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except when the case is exempt from initial disclosures or when otherwise authorized by the rules, by stipulation, or by court order.[37]  Rule 26(f) provides that, absent a court order otherwise, "the parties must confer *as soon as practicable* – and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)."[38]  This Court's Local Rules modify the 21-day period by allowing the parties to confer at least 7 days before the Rule 16 conference.[39]  This Local Rule does not, however, erase Rule 26(f)'s express obligation to conduct the Rule 26(f) conference "as soon as practicable."

Attorneys for all parties are jointly responsible for arranging the conference and for attempting in good faith to agree on the proposed discovery plan.  Although Rule 26(f) has implications on discovery, Rule 26(f) is not limited to starting the discovery period.  Rather, Rule 26(f) requires that the parties address various issues:  "[T]he parties must consider the nature and

---

[35] ECF No. 303 at 1-5.
[36] *Id.* at 3.
[37] FED. R. CIV. P. 26(d)(1).
[38] *Id.* at 26(f)(1).
[39]  E.D. La. L.R. 26.2(A).

basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan."[40]  If a party believes a stay of discovery is proper, that party may raise that issue during the Rule 26(f) conference, and if agreement is not reached, that party may seek that relief from the court after the Rule 26(f) conference.  A party may not, however, unilaterally grant itself a stay of discovery by refusing to participate in the Rule 26(f) conference "as soon as practicable."

## B.  <u>Discovery is Not Automatically Stayed by a Rule 12 Motion</u>

No federal or local rule, statute, or binding case law automatically stays discovery pending a ruling on a motion to dismiss.[41]  Nor is a stay of discovery permitted merely because defendant believes it will prevail on its motion to dismiss:  "[H]ad the Federal Rules contemplated that a motion to dismiss under FED. R. CIV. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect."[42]

As a matter of federal procedure, the request to stay discovery is considered a motion for protective order under Rule 26(c)(1)(A)-(B).  Good cause may exist when the party from whom discovery is sought shows that it would suffer "annoyance, embarrassment, oppression or undue burden or expensive" absent a stay.[43]  Courts are accorded the discretion to stay discovery where the disposition of a motion to dismiss might preclude the need for discovery entirely.[44]  In

---

[40] FED. R. CIV. P. 26(f)(2).
[41] *See, e.g.*, *Escareno ex rel. A.E. v. Lundbeck, LLC,* No. 14-257, 2014 WL 1976867, at *2 (N.D. Tex. May 15, 2014) (citing *Glazer's Wholesale Drug Co. v. Klein Foods, Inc*., No. 08-774, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008)) ("[A] motion to dismiss does not automatically stay discovery . . . until the motion is resolved.").  In fact, a stay of discovery pending resolution of a motion to dismiss is the "exception rather than the rule." *Id.* (quoting *Glazer's Wholesale Drug Co.*, 2008 WL 2930482, at *1).
[42] *Valenzuela v. Crest-Mex Corp*., No. 16-1129, 2017 WL 2778104, at *5 (N.D. Tex. June 26, 2017) (citation omitted).
[43] FED. R. CIV. P. 26(c)(1).
[44] *Your Preferred Printer, LLC v. United Wholesale, LLC*, 2012 WL 2190853, at *2 (E.D. La. June 14, 2012) (citation omitted) (holding that a stay is appropriate towards a defendant asserting fiduciary shield doctrine in a 12(b)(2) motion and the plaintiff has not demonstrated how it would suffer harm from a stay of discovery); *see also*

determining whether a stay of discovery is appropriate, courts are to balance any harm produced by a stay against the possibility that a motion to dismiss would be granted and eliminate the need for any discovery.[45]  As such, the movant must establish good cause to support issuance of a protective order, which requires a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."[46]

A stay of discovery while dispositive motions are pending is more the exception than the rule.[47]  Although the exception, courts have issued protective orders to stay discovery pending disposition of a motion to dismiss and/or motion for summary judgment when the party seeking such protection proves its necessity,[48] such as when the dispositive motion raises a purely legal issue.[49]  But a stay of discovery is not appropriate when it could prevent a party from having a sufficient opportunity to develop a factual basis to defend against the dispositive motion.[50]

---

*Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (recognizing that trial courts have "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined").

[45] *Your Preferred Printer*, 2012 WL 2190853, at *2 (citing *Dresser v. MEBA Med. & Benefits Plan*, No. 08–2662, 2008 WL 2705584 (E.D. La. July 10, 2008)).

[46] *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)); *see also United States v. Talco Contractors, Inc*., 153 F.R.D. 501, 513 (W.D.N.Y. 1994) ("Good cause must be established and not merely alleged."). Thus, "[t]he Court does have discretion to stay discovery 'for good cause shown.'" *Escareno*, 2014 WL 1976867, at *1 (quoting FED. R. CIV. P. 26(c)(1); and citing *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990)).  Given the Court's "broad discretion to manage the conduct of discovery, . . . [n]o categorical rule is appropriate; rather each case should be considered based on its unique facts and context." *Sai v. Dep't of Homeland Sec*., 99 F. Supp. 3d 50, 58 (D.D.C. 2015) (quotation and citations omitted).

[47] *Notariano v. Tangipahoa Par. Sch. Bd.*, No. 16-17832, 2018 WL 3844882, at *2 (E.D. La. Aug. 13, 2018) (citation omitted); *Griffin v. Am. Zurich Ins. Co*., No. 14-2470, 2015 WL 11019132, at *2 (N.D. Tex. Mar. 18, 2015) (citation omitted) (staying discovery while a motion to dismiss is pending "is the exception rather than the rule").

[48] *See e.g.*, *Dresser*, 2008 WL 2705584, at *2 (citing *Aguirre v. Nueces Cnty.*, 217 F. App'x 348, 349 (5th Cir. 2007) (noting that a party "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts")) (stating a temporary stay of discovery did not amount to an abuse of discretion as a "plaintiff's entitlement to discovery prior to a ruling on a motion to dismiss is not unlimited and may be terminated when the record shows that the requested discovery is not likely to produce facts necessary to withstand judgment as a matter of law").

[49] *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x 866, 870 (5th Cir. 2010) (citing *Brazos Valley Coal. for Life, Inc. v. City of Bryan*, 421 F.3d 314, 327 (5th Cir. 2005)) (finding no abuse of discretion to stay discovery where dispositive motion raised issue of law); *see also Landry*, 901 F.2d at 435-36 (affirming trial court's stay of discovery pending resolution of summary judgment motion where issues raised were purely legal and discovery would not aid their resolution); *Fed. Ins. Co. v. N.H. Ins. Co.*, No. 03-385, 2010 WL 1757932, at *3 (M.D. La. Apr. 30, 2010) (staying discovery in coverage dispute where pending motion raised only legal issue).

[50] *Bickford v. Boerne Indep. Sch. Dist*., No. 15-1146, 2016 WL 1430063, at *2 (W.D. Tex. Apr. 8, 2016).

Although the Fifth Circuit has not articulated a different standard when addressing a motion to stay discovery due to a pending Supreme Court writ application, the Supreme Court grants a stay only when three conditions are met: (1) there is a reasonable probability that certiorari will be granted; (2) there is a significant possibility of reversal; and (3) there must be a likelihood of irreparable harm if the judgment is not stayed.[51]

## C.  The Impact of Asserting Qualified Immunity on Discovery

When dismissal is sought on the grounds of qualified immunity, however, a stay of discovery is virtually routine because a defendant pleading qualified immunity is entitled to a ruling on the dismissal before the commencement of discovery.[52]  Qualified immunity is not only a defense to liability, but also "a limited entitlement not to stand trial or face the other burdens of litigation," including "the burdens of discovery."[53]  One of the most salient benefits of qualified immunity is protection from costly, time-consuming and intrusive pretrial discovery.[54]

Although the Fifth Circuit had historically held that "[t]he protection of government officials who are entitled to immunity does not *ipso facto* disable a plaintiff from conducting discovery against all non-immune defendants in his case,"[55] the Supreme Court stated otherwise in *Ashcroft v. Iqbal*:

---

[51] *Philip Morris USA Inc. v. Scott*, 561 U.S. 1301, 1302, (2010) (citing *Barnes v. E–Systems, Inc. Grp. Hosp. Med. & Surgical Ins. Plan*, 501 U.S. 1301, 1302 (1991)).

[52] *Carswell v. Camp*, 54 F.4th 307, 310 (5th Cir. 2022) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).  A discovery stay is only implicated when a defendant affirmatively raises the qualified immunity defense via motion. *See, e.g.*, *Williams v. Biggs*, No. 21-333, 2022 WL 834781, at *3 (E.D. La. Mar. 21, 2022) (holding that a stay of discovery based on qualified immunity is only proper after a defendant raises the issue via dispositive motion); *see also Erwin v. Murray*, No. 23-1005, 2023 WL 7112830, at *3 (E.D. La. Oct. 27, 2023) (refusing to order a complete stay of discovery based on qualified immunity defense in an answer and stated intent to file a summary judgment motion and indicating narrow discovery as to the qualified immunity issue may be allowed after review of the summary judgment motion).

[53] *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (citation and internal quotation marks omitted); *accord. Carswell*, 54 F.4th at 311 (quoting *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)) ("[O]ne of the most important benefits of the qualified immunity defense is 'protection from pretrial discovery, which is costly, time-consuming, and intrusive.'").

[54] *Backe*, 691 F.3d at 648 (5th Cir. 2012) (citing *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986)).

[55] *Martin v. Dallas Cnty.*, 822 F.2d 553, 555-56 (5th Cir. 1987).

> It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.[56]

When qualified immunity is raised in a motion to dismiss, "the [trial] court has an 'obligation . . . to carefully scrutinize [the complaint] before subjecting public officials to the burdens of broad-reaching discovery.'"[57]  Even limited discovery in the face of a qualified immunity defense must be denied absent a determination that deferring a ruling and allowing further factual development is necessary to ascertain the availability of that defense.[58]

## III.  <u>ANALYSIS</u>

The parties must conduct a Rule 26(f) conference.  Although discovery is one matter that is discussed during a Rule 26(f) conference, the parties are also obligated to discuss other matters including preservation of information and any potential for prompt resolution of the case.  Simply because the parties must participate in the Rule 26(f) conference, however, does not preclude a party from requesting that the Court stay discovery, which Defendants have done in this case.

When a defendant raises qualified immunity in a motion to dismiss, the court "may not permit discovery—'cabined or otherwise'—against immunity-asserting defendants before it has determined plaintiffs have pleaded facts sufficient to overcome the defense."[59]  And although the Fifth Circuit historically authorized limited discovery if necessary to develop the record to enable

---

[56] 556 U.S. at 685–86.

[57] *McClelland v. Katy Indep. Sch. Dist.*, 63 F.4th 996, 1004 (5th Cir. 2023) (quoting *Longoria ex rel. M.L. v. San Benito Indep. Consol. Sch. Dist.*, 942 F.3d 258, 263–64 (5th Cir. 2019) (quoting *Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986)).

[58] *Hutcheson v. Dallas Cnty.*, 994 F.3d 477, 481 (5th Cir. 2021) (quoting *Backe*, 691 F.3d at 648).  The two-step procedure requires the court to determine whether the pleadings assert facts which, if true, would overcome the defense of qualified immunity, and, if so, to enter a narrowly tailored discovery order to address only those facts needed to rule on the immunity claim.  *Id.*

[59] *Carswell*, 54 F.4th at 312.

the court to resolve the qualified immunity issue,[60] that procedure "must be understood in light of subsequent Supreme Court precedent.  The Supreme Court has now made clear that a plaintiff asserting constitutional claims against an officer claiming QI must survive the motion to dismiss without *any* discovery."[61]

Tesla also argues that qualified immunity operates to stay discovery only as to the defendants asserting qualified immunity, not to co-defendants or on other claims not subject to qualified immunity.  But *Carswell v. Camp* strongly suggests otherwise.  In *Carswell*, the district court had stayed all discovery "as to any defendant who asserts qualified immunity," but not "as to a defendant asserting qualified immunity as to that person's capacity as a witness to the extent that there is any other defendant not asserting qualified immunity."[62]  In reversing, the Fifth Circuit held that "*Iqbal* squarely forecloses that, too."[63]

District courts within the Fifth Circuit interpret *Carswell* to "suggests that there are few, if any, situations where discovery even as to co-defendants not raising qualified immunity should be allowed to proceed."[64]  Most recently, in *Nevarez v. Coleman*, this court recognized that allowing discovery against defendants in different capacities or against co-defendants that make no claim for qualified immunity would impose the same burdens, and for that reason, the court stayed all discovery pending resolution of the qualified immunity defense.[65]

---

[60] *See Lion Boulos v. Wilson*, 834 F.2d 504, 508–09 (5th Cir. 1987).

[61] *Carswell*, 54 F.4th at 311.

[62] *Id.* at 313.

[63] *Id.*

[64] *Cobbins v. Graham*, No. 21-155, 2022 WL 2663852, at *2 n.29 (M.D. La. July 11, 2022); *see also Henderson v. Bd. of Supervisors of S. Univ. & A & M Coll.*, No. 21-297, 2022 WL 2654978, at *4 (M.D. La. July 8, 2022) (expressly avoiding issue of whether *Carswell* forecloses discovery pertaining to co-defendants who have not raised a qualified immunity defense because overlapping claims would have required the QI-raising defendants to participate in discovery).

[65] No. 21-1855, 2023 WL 5034645, at *3-4 (E.D. La. Aug. 8, 2023) (Papillion, J.).

Conversely, in *Asante-Chioke v. Dowdle,* the court denied a defendant's motion to dismiss asserting qualified immunity, as well as the defendant's request that the court limit discovery only to those facts needed to rule on the immunity defense.[66] After the defendant appealed that decision, the court addressed defendant's stay request, narrowly reading *Carswell* to stay discovery as to the § 1983 claims but not the state law wrongful death, survival, negligence and negligent supervision claims, for which qualified immunity is not available.[67] The Fifth Circuit vacated the earlier decision, finding that the failure to limit discovery to only that necessary to resolve the qualified immunity defense effectively denied defendants the benefits of qualified immunity.[68] The Fifth Circuit's remand specifically directed that discovery be limited only to facts necessary to rule of qualified immunity,[69] thus precluding the previously allowed discovery on the state law claims.

In this case, Tesla seeks discovery from Defendants as well as third-party subpoenas for Defendants' cell phone records. This discovery appears to be merits-based discovery, not discovery directed to the qualified immunity issue. As the discovery sought is not necessary to develop facts in relation to the qualified immunity defense, even "minimally intrusive discovery" before resolution of a qualified immunity defense is prohibited.[70]

Tesla should not suffer any prejudice from the discovery stay with regard to the parties as they must have litigation holds in place to preserve relevant records.[71] Tesla may, however, suffer prejudice from the loss of evidence held by non-party wireless carriers who have no notice of this proceeding. To balance Defendants' interests in avoiding the burdens of discovery against the

---

[66] 689 F. Supp. 3d 317, 329, 332 (E.D. La. 2023), *vacated and remanded*, 103 F.4th 1126 (5th Cir. 2024).

[67] *Asante-Chioke v. Dowdle*, No. 22-4587, 2023 WL 8257971, at *3-4 (E.D. La. Nov. 29, 2023).

[68] *Asante-Chioke*, 103 F.4th at 1131.

[69] *Id.* at 1132.

[70] *Carswell*, 54 F.4th at 313 (citing *Iqbal*, 556 U.S. at 686); *see also Asante-Chioke*, 103 F.4th at 1131-32 (vacating district court decision failing to limit discovery to that relevant to the qualified immunity defense because allowing broad discovery is a denial of the benefits of qualified immunity).

[71] Fed. R. Civ. P. 37(e) (outlining consequences for the failure to preserve electronically stored information).

potential loss of evidence, the Court will allow Tesla to subpoena Defendants' cell phone records from their respective carriers.  The cell phone records, however, will not be delivered to Tesla. Rather, the records must be delivered to the respective Defendants, and the records must then be held (not reviewed) by the Defendants.  Only if discovery proceeds after resolution of the qualified immunity defense will the Defendants then have the obligation to review the records for privilege and relevance before production to Tesla.  Using this approach, Defendants are spared any discovery burden or expense while, at the same time, Tesla is protected from prejudice resulting from a non-party's document retention policy that may result in the loss of evidence during the discovery stay.

## IV.    <u>CONCLUSION</u>

The parties must engage in the required Rule 26(f) conference, during which they must address all issues contemplated by Rule 26(f).  Although the holding of a Rule 26(f) conference would ordinarily open the discovery period, in light of the qualified immunity defenses raised via the motions currently pending before Judge Long, discovery will be stayed as stated herein, with the sole exception being that Tesla may issue subpoenas for Defendants' cell phone records and require the carriers to deliver responsive documents directly to Defendants who will then hold same as custodians until resolution of the qualified immunity issue.  Only after resolution of the qualified immunity issue would Defendants then be obliged to review the records for privilege and production.

The Court declines to award either side expenses incurred in connection with these motions given the substantial grounds for the parties' positions.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendants' Motion to Stay Discovery is GRANTED as stated herein;

IT IS FURTHER ORDERED that Plaintiffs' Motion for Order Declaring Discovery Open or Alternatively, For Leave to Serve Non-Party Discovery is GRANTED IN PART AND DENIED IN PART as stated herein.

New Orleans, Louisiana, this ___7th___ day of March, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE